IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Atlas Global Technologies LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Hewlett Packard Enterprise Company,<br><br>    Defendant. | Civil Action No. 2:25-cv-00534-JRG<br><br>Jury Trial Demanded |

**ATLAS GLOBAL TECHNOLOGIES LLC'S SURREPLY TO DEFENDANT
HEWLETT PACKARD ENTERPRISE COMPANY'S MOTION TO DISMISS**

## TABLE OF CONTENTS

I. HPE CONCEDES ITS MOTION SHOULD BE DENIED.................................................... 1

II. HPE HAS WAIVED THE RELIEF IT REQUESTS IN REPLY. ........................................ 2

III. CONCLUSION..................................................................................................................... 5

i

## TABLE OF AUTHORITIES

**Cases**

*Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ................................................................................. 4

*Arctic Cat Ind. v. Bombardier Recreational Prod. Inc.*,
  950 F.3d 860 (Fed. Cir. 2020) ............................................................................... 3, 4

*Arendi S.a.r.L v. LG Elecs. Inc.*,
  Case No. 1:12-cv-01595-GBW (D. Del. Apr. 8, 2022) ............................................. 5

*BBL, Inc. v. City of Angola*,
  809 F.3d 317 (7th Cir. 2015) ..................................................................................... 1

*Brain Life, LLC v. Elekta Inc.*,
  746 F.3d 1045 (Fed. Cir. 2014) ................................................................................. 5

*Branch v. CEMEX, Inc.*,
  No. H-11-1953, 2012 U.S. Dist. LEXIS 85246 (S.D. Tex. June 20, 2012) ............... 3

*EMG Tech., LLC v. Vanguard Grp., Inc.*,
  Case No. 6:12-cv-00543, 2014 U.S. Dist. LEXIS 1944087 (E.D. Tex. May 12, 2014) ............. 4

*Fortres Grand Corp. v. Warner Bros. Entm't Inc.*,
  763 F.3d 696 (7th Cir. 2014) ..................................................................................... 1

*Hydrafacial LLC v. Medicreations LLC*,
  768 F. Supp. 3d 1129 (D. Nev. 2025) ....................................................................... 4

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
  Case No. 2:17-cv-00662-JRG-RSP, 2019 U.S. Dist. LEXIS 255103
  (E.D. Tex. Apr. 18, 2019) ......................................................................................... 3

*Novosteel SA v. U.S. Bethlehem Steel Corp.*,
  284 F.3d 1261 (Fed. Cir. 2002) ................................................................................. 3

*See Estech Sys., Inc. v. Target Corp.*,
  Case No. 2:20-cv-00123-JRG-RSP, 2020 U.S. Dist. LEXIS 209893
  (E.D. Tex. Aug. 27, 2020) ......................................................................................... 4

*Team Worldwide Corp. v. Academy, Ltd.*,
  Case No. 2:19-cv-00092-JRG-RSP, 2021 U.S. Dist. LEXIS 88505
  (E.D. Tex. May 10, 2021) ......................................................................................... 5

*Tulip Computers Int'l B.V. v. Dell Computer Corp.*,
　262 F. Supp. 2d 358 (D. Del. 2003) ............................................................................................ 5

*Va. Innovation Scis. v. Amazon.com, Inc.*,
　Case No. 4:18-cv-474, 2019 U.S. Dist. LEXIS 198964 (E.D. Tex. Nov. 18, 2019) ................... 3

**Rules, Statutes, and Authorities**

Fed. R. Civ. 12(b)(6) ..................................................................................................................... 1

Local Rule CV-7 ........................................................................................................................... 3

35 U.S.C. § 287 .................................................................................................................... 1, 2, 3, 4

HPE's Reply (ECF 35) does an about-face from its Motion to Dismiss (ECF 33). In HPE's Motion, it asked the Court to dismiss Atlas's purported claims for pre-suit induced infringement and pre-suit willful infringement. ECF 33 at 1. Now, in its Reply, HPE abandons that argument, asking the Court to instead "dismiss, or alternatively strike, Atlas's request for pre-suit damages" because "Atlas does not allege that it complied with the marking requirement of 35 U.S.C. § 287(a)." ECF 35 at 1. HPE thus does not contest that its Motion should be denied for the reasons set forth in Atlas's Opposition (ECF 34). And it has waived its request that the Court dismiss or strike Atlas's request for pre-suit damages by not seeking such relief until its Reply. The Court should thus deny HPE's Motion and the relief HPE seeks in Reply.

## I.  HPE CONCEDES ITS MOTION SHOULD BE DENIED.

The entire premise of HPE's Motion is wrong. In its Motion, HPE requested that the Court "dismiss Plaintiff's allegations of pre-suit indirect infringement and willful infringement for failure to state a claim for which relief can be granted." ECF 33 at 1; *see also id.* at 7 ("For the foregoing reasons, HPE respectfully requests that the Court dismiss Plaintiff's claims for pre-suit indirect infringement and willful infringement for all claims.").[1] But, as Atlas explained in its Opposition, Atlas has not pleaded claims for pre-suit indirect infringement and willful infringement. *See* ECF

---

[1] In its Reply, HPE states that it "moved to dismiss Atlas's allegations of pre-suit knowledge from Atlas's amended complaint." ECF 35 at 1. As explained above, that is wrong. HPE's Motion clearly asks the Court to dismiss allegations of pre-suit indirect infringement and willful infringement. Indeed, it would make little sense to dismiss an allegation of pre-suit knowledge because it is not a claim—it is part of a claim. And "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (citing *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014)).

1

34. Atlas has instead limited such claims to conduct occurring "since the commencement of this action." ECF 27, ¶¶ 59, 61, 79, 81, 102, 104, 140, 142.

HPE does not contest any of this in Reply. It does not contest that Atlas is not alleging pre-suit knowledge of the asserted patents. Nor does it contest that Atlas is alleging only post-suit induced infringement and willful infringement. Indeed, HPE's Reply does not include a *single argument* that responds to Atlas's Opposition. HPE thus concedes that the claims it seeks to dismiss are non-existent. The Court should therefore deny HPE's Motion.

**II.    HPE HAS WAIVED THE RELIEF IT REQUESTS IN REPLY.**

Instead of defending its originally requested relief, HPE uses its entire Reply to ask the Court to grant new relief. Specifically, HPE requests that the Court "dismiss, or alternatively strike, Atlas's request for pre-suit damages" because Atlas did not plead compliance "with the marking requirement of 35 U.S.C. § 287(a)." ECF 35 at 1. This request is nowhere to be found in HPE's Motion—it does not cite 35 U.S.C. § 287, use the word "marking," or even mention damages. *See* ECF 33. But that is all HPE's Reply is about. In other words, HPE filed a Motion to Dismiss, learned from the parties' correspondence and from Atlas's Opposition that HPE was wrong, and, instead of withdrawing its Motion, used its Reply to effectively file a new motion to dismiss. HPE's Reply even attaches a new proposed order with relief that is not mentioned in its original proposed order. *Compare* ECF 35-1, *with* ECF 33-3.

By waiting to request that the Court dismiss or strike[2] Atlas's request for pre-suit damages until its Reply, HPE has waived the relief. Courts in this District routinely hold that arguments made, and relief sought, for the first time in reply are waived. *Va. Innovation Scis. v. Amazon.com,*

---

[2] It is not clear what authority HPE is relying on for its request that the Court "strike" Atlas's request for pre-suit damages. HPE has filed a motion to dismiss, not a motion to strike.

2

*Inc.*, Case No. 4:18-cv-474, 2019 U.S. Dist. LEXIS 198964, at *13 (E.D. Tex. Nov. 18, 2019) ("[T]he Court does not accept new arguments, or a change of theory raised for the first time in a reply.") (citing *Branch v. CEMEX, Inc.*, No. H-11-1953, 2012 U.S. Dist. LEXIS 85246, a *9 (S.D. Tex. June 20, 2012)); *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, Case No. 2:17-cv-00662-JRG-RSP, 2019 U.S. Dist. LEXIS 255103, at *12 (E.D. Tex. Apr. 18, 2019) ("It is black-letter law that arguments raised for the first time in a reply brief are waived 'as a matter of litigation fairness and procedure.'") (citing *Novosteel SA v. U.S. Bethlehem Steel Corp.*, 284 F.3d 1261, 1273 (Fed. Cir. 2002)) (report & recommendation), *adopted* 2019 U.S. Dist. LEXIS 76261 (E.D. Tex. May 6, 2019). This Court's local rules underscore that arguments made for the first time in reply are waived. Under L.R. CV-7(d), the Court "will consider the submitted motion for decision" after the time for filing an opposition has expired. *See also* L.R. CV-7(f) ("The court need not wait for the reply or sur-reply before ruling on the motion."). If a party could seek new relief in reply, then a motion could *never* be submitted for decision after the opposition—the Court would always have to wait on the reply and surreply. The Court should thus decline to entertain HPE's new arguments.

If the Court is inclined to consider HPE's new arguments, Atlas requests that the Court grant it leave to amend. As HPE acknowledges, the notice provisions of Section 287 "'do not apply to patents directed to processes or methods.'" ECF 35 at 2 (quoting *Arctic Cat Ind. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020)). One of the asserted patents, U.S. Patent No. 10,020,919, has only method claims. *See* ECF 27-2 at 32:64-34:54; ECF 27-8 (claim chart for the '919 patent). Thus, to the extent pleading compliance with Section 287 is even

3

required for method patents (a debatable proposition[3]), Atlas could readily plead compliance.

HPE also acknowledges that the notice provisions of Section 287 do not apply "to 'a patentee who never makes or sells a patented article.'" ECF 35 at 2 (quoting *Arctic Cat*, 950 F.3d at 864). Atlas has never made or sold a patented article and is prepared to plead as much. And while a patentee's licensees must also comply with Section 287, "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Thus, Atlas can plead and make a prima facie case of compliance with Section 287 based only on the fact that it has never made or sold a product covered by the asserted patents. If HPE believes that Atlas has nevertheless failed to comply with Section 287 because there are licensed, unmarked products, then HPE bears the initial burden of identifying those products[4]—Atlas need not undertake the task of showing that

---

[3] There is a split among district courts as to whether a patentee is required to plead compliance with Section 287 for method patents. *See Hydrafacial LLC v. Medicreations LLC*, 768 F. Supp. 3d 1129, 1134 (D. Nev. 2025) (discussing cases). This Court appears to hold that a patentee need not plead compliance with Section 287 for method patents. *See Estech Sys., Inc. v. Target Corp.*, Case No. 2:20-cv-00123-JRG-RSP, 2020 U.S. Dist. LEXIS 209893, at *23 (E.D. Tex. Aug. 27, 2020) (report & recommendation), *adopted*, 2021 U.S. Dist. LEXIS 47478 (E.D. Tex. Mar. 12, 2021). However, out of an abundance of caution, Atlas is prepared to allege compliance with Section 287.

[4] HPE spends an entire page arguing that the dismissals with prejudice of prior Atlas litigation "legally function as the equivalent of licenses for at least the products accused of infringement in those cases." ECF 35 at 4-5. HPE has not cited a single case that supports that a dismissal with prejudice alone, however, gives rise to a marking requirement. The only case it cites analogizes a dismissal with prejudice to a license in the context of a licensing and exhaustion defense, not in the context of marking. *See EMG Tech., LLC v. Vanguard Grp., Inc.*, Case No. 6:12-cv-00543, 2014 U.S. Dist. LEXIS 1944087, at *6 (E.D. Tex. May 12, 2014). And it would make little sense to hold that a dismissal with prejudice imposes a marking requirement. A dismissal with prejudice resolves claims of past infringement—it does not provide consent to practice the patent going forward (although the defendant may obtain some limited protections under various preclusion

there is no licensed, unmarked product anywhere in the world. *Id.* ("Without some notice of what market products BRP believes required marking, Arctic Cat's universe of products for which it would have to establish compliance would be unbounded.").

Finally, Atlas could at the very least allege compliance with Section 287 for the time period before any marking obligation arose. There is a split among district courts on whether a patentee that fails to mark can recover damages from the time before a marking obligation arose. This Court has previously held that such a patentee cannot obtain any pre-suit damages. *See, e.g.*, *Team Worldwide Corp. v. Academy, Ltd.*, Case No. 2:19-cv-00092-JRG-RSP, 2021 U.S. Dist. LEXIS 88505 (E.D. Tex. May 10, 2021) (report & recommendation), *adopted* 2021 U.S. Dist. LEXIS 93684 (E.D. Tex. May 18, 2021). But the District of Delaware has held otherwise. *See Arendi S.a.r.L v. LG Elecs. Inc.*, Case No. 1:12-cv-01595-GBW, ECF 358 at 13-17 (D. Del. Apr. 8, 2022) (attached hereto as Exhibit A). Permitting Atlas to amend would allow the Court to address this issue with full briefing and detailed allegations on the issue (and, if necessary, preserve the issue for appeal).

### III. CONCLUSION

HPE has abandoned the basis of its Motion to Dismiss, choosing instead to pursue an entirely new motion in its Reply. The Court should find that HPE has waived the relief it requests for the first time in its Reply and deny the Motion. To the extent the Court is inclined to entertain HPE's new arguments, it should permit Atlas leave to amend.

---

doctrines). *See Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1054 (Fed. Cir. 2014) ("[T]raditional notions of claim preclusion do not apply when a patentee accuses new acts of infringement, i.e., post-final judgment, in a second suit—even where the products are the same in both suits."). And it does not matter that the infringing products were not marked, as "an infringer's failure to mark does not implicate Section 287(a)." *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 262 F. Supp. 2d 358, 362 (D. Del. 2003).

| | |
|---|---|
| Dated: September 22, 2025 | Respectfully submitted,<br><br>/s/ Edward R. Nelson III<br>Edward R. Nelson III<br>State Bar No. 00797142<br>ed@nelbum.com<br>Brent N. Bumgardner<br>State Bar No. 00795272<br>brent@nelbum.com<br>Christopher G. Granaghan<br>State Bar No. 24078585<br>chris@nelbum.com<br>John P. Murphy<br>State Bar No. 24056024<br>murphy@nelbum.com<br>Carder W. Brooks<br>State Bar No. 24105536<br>carder@nelbum.com<br>Jinming Zhang<br>Virginia Bar No. 96210<br>jinming@nelbum.com<br>**NELSON BUMGARDNER CONROY PC**<br>3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>817.377.9111<br><br>**COUNSEL FOR PLAINTIFF ATLAS GLOBAL TECHNOLOGIES LLC** |

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on September 22, 2025.

/s/ Edward R. Nelson III

6