**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO.  2:25-CV-00534-JRG |
| | § | |
| HEWLETT   PACKARD   ENTERPRISE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the Motion to Dismiss (the "Motion") filed by Defendant Hewlett Packard Enterprise Company ("Defendant").  (Dkt. No. 33).  In the Motion, Defendant moves to dismiss Plaintiff Atlas Global Technologies LLC's ("Plaintiff") (collectively with Defendant, the "Parties") claims of pre-suit indirect and willful infringement under Federal Rule of Civil Procedure 12(b)(6).  (*Id*. at 1).  Defendant also moves to "strike" Plaintiff's request for pre-suit damages in its reply.  (Dkt. No. 33, at 1).  Having considered the Motion, and the related briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED-AS-MOOT** with respect to Plaintiff's claims for pre-suit indirect and willful infringement and **DENIED** as to Plaintiff's request for pre-suit damages.

I.   **ANALYSIS**

The Court addresses Defendant's request to (a) dismiss Plaintiff's pre-suit infringement claims and (b) strike Plaintiff's request for pre-suit damages in turn.

**(a) Pre-Suit Indirect and Willful Infringement**

Defendant moves to dismiss Plaintiff's claims of pre-suit indirect and willful infringement. (Dkt. No. 33, at 4–6).  Interestingly and in response, Plaintiff points out that these claims "do not

exist." (Dkt. No. 34, at 5). Indeed, the Parties now agree that pre-suit indirect and willful infringement are not a part of this case. (*See id.* ("[Plaintiff] is only alleging *post*-*suit* induced and willful infringement") (emphasis in original); Dkt. No. 35, at 1). This issue is moot.

The Court also notes that Defendant violated Local Rule CV-7(h) by omitting a certificate of conference in its Motion. (*See* Dkt. No. 33). The rule is "meant to be taken seriously" because it ensures parties meet and confer in advance of motion practice. *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2023 WL 5612443, at *3 (E.D. Tex. Aug. 29, 2023). Here, had the Parties discussed the FAC in advance of the filing of the Motion, Defendant would not have sought to dismiss non-existent claims. This failure to comply with Local Rule CV-7(h) resulted in a waste of Plaintiff's time and the Court's resources. The Court expects the Parties and their counsel to not fall short in the same way again. If they do, then sanctions may be appropriate.

Accordingly, and in light of these facts, the Court finds that Defendant's request should be **DENIED AS MOOT**.

**(b) Pre-suit damages**

Defendant also argues for the first time in its reply that the Court should "strike" Plaintiff's request for pre-suit damages. (*Compare* Dkt. No. 35, at 1 *with* Dkt. No. 33). However, "[t]he Court does not consider arguments raised for the first time in a reply brief." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2015 WL 5786501, at *5 (E.D. Tex. Sep. 30, 2015); *see also Young v. Harrison Cty., Tex.*, 2024 WL 1149233, at *2 (E.D. Tex. Mar. 15, 2024).

Accordingly, the Court finds that Defendant's request to strike pre-suit damages, as presented, should be **DENIED**.

## II.    CONCLUSION

For the foregoing reasons, the Court finds that the Motion should be and hereby **DENIED**

**AS MOOT** as to Plaintiff's non-existent claims of pre-suit indirect and willful infringement.  The

Motion is also **DENIED** as to Plaintiff's request for pre-suit damages.

**So ORDERED and SIGNED this 6th day of March, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE